CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 13 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HENRY CHRISTIAN OLSEN, | ) | CASE NO. 7:01CV00310 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RONALD J. ANGELONE, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

By opinion and order entered in January 2002, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Henry Christian Olsen, a Virginia inmate proceeding pro se. Olsen's appeal of that judgment was dismissed. Now, citing Martinez v. Ryan, __ U.S.__, 132 S. Ct. 1309 (2012), Olsen has submitted a letter that the court construed and docketed as a motion to reconsider the 2002 dismissal of his ineffective assistance claims as procedurally defaulted. The court finds no merit to Olsen's motion.

Olsen was convicted in the Circuit Court for Nelson County of two counts of aggravated sexual assault and one count of forcible sodomy. He was sentenced to life in prison. Olsen's convictions and sentences were upheld on appeal. Olsen then filed a pro se petition for a writ of habeas corpus in the circuit court, alleging claims of ineffective assistance. The circuit court denied relief. Olsen attempted to bring a habeas appeal to the Supreme Court of Virginia, which was dismissed as untimely filed. Olsen then filed his § 2254 petition. This court found that the Supreme Court of Virginia's dismissal of Olsen's habeas appeal as untimely was a procedural default that barred federal habeas review and that Olsen had not demonstrated cause and prejudice for that default.

Motions for reconsideration like Olsen's, filed many years after the challenged judgment, arise, if at all, under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) authorizes relief from a civil judgment based on, among other things, mistake, inadvertence, surprise, excusable neglect, or "any other reason that justifies relief." Rule 60(b)(1) & (6). Such relief is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto Insur. Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005).

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2254 petition as without merit should be dismissed as a successive habeas petition to prevent petitioners from using such a motion to circumvent the rule in 28 U.S.C. § 2244(b), barring successive petitions. Id. at 531-32. "[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," however, the motion is not a successive habeas. Id. at 532. Because Olsen's current motion does not attack the disposition of his § 2254 claims on the merits or present new habeas claims, he argues that it is properly considered as a Rule 60(b) motion for reconsideration of the court's dismissal of his defaulted claims. Even assuming without finding as such, Olsen is not entitled to relief.

When a state court has relied on a state procedural rule to dismiss a habeas claim that trial counsel was ineffective, federal habeas review is barred absent a showing of cause for the default and resulting prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Generally, "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" Maples v. Thomas, 565 U.S. __,__, 132 S. Ct. 912, 922 (2012). In Martinez, the Supreme Court

2

recognized the following limited exception to this general rule: "Inadequate assistance of counsel [or lack of counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. Olsen's situation does not fall within the scope of the Martinez exception, however. He raised ineffective assistance claims in his state habeas petition. His procedural default of those claims occurred not during those initial collateral review proceedings in the circuit court, but during his attempted habeas appeal to the Supreme Court of Virginia. Therefore, the Martinez exception to procedural default does not provide any ground on which Olsen may overcome the default of his ineffective assistance claims. Id. at 1316-17.

For the stated reasons, the court must deny Olsen's motion for reconsideration. An appropriate order will issue this day. The clerk will send a copy of this order to petitioner and to counsel of record for the respondent.

**ENTER:** This 12th day of November, 2014.

/s/ Jim Conrad
Chief United States District Judge

3

Case 7:01-cv-00310-JCT   Document 43   Filed 11/13/14   Page 3 of 3   Pageid#: 398