CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HENRY CHRISTIAN OLSEN, | ) | CASE NO. 7:01CV00310 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RONALD J. ANGELONE, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

By opinion and order entered in January 2002, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Henry Christian Olsen, a Virginia inmate proceeding pro se. Olsen's appeal of that judgment was dismissed. Olsen now moves for reconsideration of the denial of habeas relief. After review of the record and the motion, the court concludes that the motion must be denied.

Olsen was convicted in the Circuit Court for Nelson County of two counts of aggravated sexual assault and one count of forcible sodomy and was sentenced to life in prison. The victims of these crimes were two young brothers, ages 10 and 9. Olsen's convictions and sentences were upheld on appeal. In 2000, Olsen then filed a pro se petition for a writ of habeas corpus in the circuit court, alleging claims of ineffective assistance. The circuit court denied relief. Olsen attempted to bring a habeas appeal to the Supreme Court of Virginia, which was dismissed as untimely filed. Olsen then filed his § 2254 petition in April 2001. This court found that the Supreme Court of Virginia's dismissal of Olsen's habeas appeal as untimely was a procedural default that barred federal habeas review and that Olsen had not demonstrated cause and prejudice for that default. Now, in the most recent of a series of reconsideration motions, Olsen's asserts under Rule 60(b) that: (1) his conviction should be overturned as void, based on

fraud perpetrated by state attorneys during trial and state habeas proceedings;[1] (2) Olsen showed cause for his default in failing to file a timely habeas appeal to the Supreme Court of Virginia; and (3) trial counsel admitted in writing that he was ineffective with regards to a witness, Russell Goldberg, whom the Commonwealth called for rebuttal.

Motions for reconsideration like Olsen's, filed many years after the challenged judgment, arise, if at all, under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) authorizes relief from a civil judgment based on, among other things, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud . . . by an opposing party," "the judgment is void," or "any other reason that justifies relief." Rule 60(b)(1), (2), (3), (4), & (6). Such relief is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005).

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2254 petition as without merit should be dismissed as a successive habeas petition to prevent petitioners from using such a motion to circumvent the rule in 28 U.S.C. § 2244(b), barring successive petitions. Id. at 531-32. "[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's

---

[1] These claims center on one of the Commonwealth's witnesses: Russell Goldberg, who had lived with Olsen as a child. During direct examination, Olsen testified that he had never sexually abused any boys. In rebuttal, the Commonwealth called Goldberg, who testified how Olsen had sexually abused him while he lived in Olsen's home. Olsen now alleges, with no factual support, that the prosecutor knew Goldberg's testimony was false. During state habeas proceedings, Olsen alleged, among other things, that his trial attorney was ineffective (a) by alerting the prosecution to Goldberg as a potential adverse witness through a motion in limine, and (b) opening the door to Goldberg's testimony during direct examination of Olsen. The respondent asked Olsen's trial attorney to prepare a response to these claims, and the attorney wrote back, admitting the truth of Olsen's allegations. The respondent did not present this letter in support of the motion to dismiss Olsen's state habeas petition, but Olsen submitted the letter as part of his response to the motion. It is unclear whether the circuit court considered the letter or not in dismissing Olsen's petition. Olsen also alleges other respects in which the respondent's motion to dismiss the state court habeas petition was misleading and constituted a fraud on the court.

2

resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," however, the motion is not a successive habeas action. Id. at 532.

Olsen first appears to assert that he is entitled to relief from his criminal conviction under Rule 60(b)(3) and (4), based on his allegations that fraud during trial and state habeas proceedings rendered his conviction void. Rule 60(b), however, may only be used to challenge a federal civil judgment. It may not be used, independently, as a legal vehicle to challenge or overturn a federal or state criminal conviction. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (holding that Rule 60(b) does not provide for relief from a criminal judgment); Kevilly v. New York, No. 02 Civ. 5796 (DRH) (MLO), 2006 WL 522427 (March 2, 2006) (holding that Rule 60(b) does not provide relief from state court judgment). Because Rule 60(b) is an inappropriate mechanism for directly challenging the validity of Olsen's state convictions, his motion must be denied to the extent that it seeks relief based merely on the alleged fraudulent nature of the underlying convictions, their alleged voidness, or alleged misconduct during state habeas proceedings.

Second, to the extent that Olsen challenges this court's finding of procedural default, his Rule 60(b) motion must be denied. Olsen does not demonstrate any respect in which his federal habeas corpus proceedings were defective. Rather, he merely reargues the procedural default issue that the court has already decided against him. (See Opinion 2-3, ECF No. 13.) The court is satisfied that the decision was correct to apply procedural default principles to bar review of Olsen's claims on the merits. Moreover, the court also finds no reasonable probability that absent Russell Goldberg's rebuttal testimony, the outcome of Olsen's trial would have been different, as required for him to show prejudice from counsel's admitted professional deficiencies. See Strickland v. Washington, 466 U.S. 668, 694 (1984) ("The defendant must

3

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

For the stated reasons, the court must deny Olsen's motion for reconsideration. An appropriate order will issue this day. The clerk will send a copy of this order to petitioner and to counsel of record for the respondent.

ENTER: This 9th day of November, 2015.

                                                  */s/ Jon Conrad*
                                          Chief United States District Judge