CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| HENRY CHRISTIAN OLSEN, | CASE NO. 7:01CV00310 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| RONALD J. ANGELONE, | By: Hon. Glen E. Conrad |
| | United States District Judge |
| Respondent. | |

By opinion and order entered in January 2002, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Henry Christian Olsen, a Virginia inmate proceeding pro se. Olsen's appeal of that judgment was dismissed. Olsen has moved numerous times since then for reconsideration of the denial of habeas relief, without success. He now files a "Motion to Have State's Procedural Defau[l]t Reversed," a motion for appointment of counsel, and a motion to proceed in forma pauperis. (ECF Nos. 79-81.) Like Olsen's many previous motions, the instant motion seeking reversal must be denied as without merit.

Olsen's motion for reversal of the habeas judgment must be addressed under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) authorizes relief from a civil judgment based on, among other things, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud . . . by an opposing party," voidness of the judgment, or "any other reason that justifies relief." Rule 60(b)(1), (2), (3), (4), & (6). Relief under this rule is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto Insur. Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005).

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2254 petition as without merit should be dismissed as a successive habeas petition to prevent petitioners from using such a motion to circumvent the rule in 28 U.S.C. § 2244(b), barring successive petitions. Id. at 531-32. Here, Olsen challenges this court's finding of procedural default under Rule 60(b), so the court may address his contentions under that rule. Id. at 532.

For reasons already stated in prior memorandum opinions, however, the motion must be denied. Olsen merely reargues the procedural default issue that the court has already decided against him. (See, e.g., Opinion 2-3, ECF No. 13; Opinion 3-4, ECF No. 56.) The court is satisfied that the decision was correct to apply procedural default principles to bar review of Olsen's federal habeas claims on the merits. Moreover, as the court has previously found, even if Olsen could show cause for his default under state procedural rules, he cannot show actual prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (barring federal habeas review of procedurally defaulted claim absent a showing of cause for the default and resulting prejudice).

For the stated reasons, the court must deny Olsen's motion for reconsideration, and will dismiss his remaining motions as moot. An appropriate order will issue this day.

The clerk will send a copy of this order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of October, 2017.

_____
United States District Judge