CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HENRY CHRISTIAN OLSEN, | ) | CASE NO. 7:01CV00310 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RONALD J. ANGELONE, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

By opinion and order entered in January 2002, the court dismissed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner, Henry Christian Olsen, a Virginia inmate proceeding pro se, unsuccessfully appealed that judgment. Olsen has moved numerous times since then for reconsideration of the denial of habeas relief, without success. He now files a "Motion to Show Prejudice from Counsel's Admitted Professional Deficiencies," a motion for appointment of counsel, an application to proceed in forma pauperis, and a "Motion to Show; Respondent's Motion to Dismiss Petitioner's State Habeas Petition was very misleading and Constituted Fraud on The Court." (ECF Nos. 84-87.) Like Olsen's many previous motions, the instant motions seeking reversal must be denied as without merit.

Olsen's motions for reversal of the habeas judgment must be addressed under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) authorizes relief from a civil judgment based on, among other things, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud . . . by an opposing party," voidness of the judgment, or "any other reason that justifies relief." Rule 60(b)(1), (2), (3), (4), & (6). Relief under this rule is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto Insur.

Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005).

A Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2254 petition as without merit should be dismissed as a successive habeas petition to prevent petitioners from using such a motion to circumvent the rule in 28 U.S.C. § 2244(b), barring successive petitions. Id. at 531-32. Here, Olsen alleges various deficiencies in the § 2254 proceeding itself and in the court's ruling on procedural default, so the court may address his contentions under Rule 60(b). Id. at 532.

For reasons already stated in prior memorandum opinions, however, the motion must be denied. Olsen merely reargues the procedural default issue that the court has already decided against him. (See, e.g., Opinion 2-3, ECF No. 13; Opinion 3-4, ECF No. 56.) The court is satisfied that the decision was correct in applying procedural default principles to bar review of Olsen's federal habeas claims on the merits. The court also finds no fraud on the court, so as to warrant reversal of the court's ruling. For the stated reasons, the court must deny Olsen's motions to reverse the habeas judgment in this case, and will dismiss his remaining motions as moot. An appropriate order will issue this day.

The clerk will send a copy of this order to petitioner and to counsel of record for the respondent.

ENTER: This 27nd day of February, 2018.

_____
Senior United States District Judge